UNITED STATES DISTRICT COURT
EASIERN DISTRICT OF WISCONSIN

_____

DIONNE MCKINNIE, individually and on behalf of
all others similarly situated,

            Plaintiffs,

v.                                      Case No. 07-CV-160

MEIRTRAN, INCORPORATED,

            Defendant,

_____

## ORDER

On December 13, 2007, plaintiff Dionne McKinnie filed a second amended complaint in the United States District Court for the Eastern District of Wisconsin against Meirtran, Incorporated ("Meirtran") alleging violations of the Electronic Fund Transfers Act ("EFTA"), 15 U.S.C. § 1693. Meirtran moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6)("Rule 12(b)(6)") or alternatively, for summary judgment pursuant to Fed.R.Civ.P. 56 ("Rule 56").

## BACKGROUND

On April 27, 2006, plaintiff withdrew money from an automated teller machine ("ATM") located in Racine, Wisconsin. (Def.'s Proposed Findings of Fact ("DPFF") ¶ 1). Plaintiff alleges that Meirtran, the operator of the ATM, charged a usage fee for use of the ATM without providing adequate prior notice of the charges as mandated by the EFTA.

On February 20, 2007, plaintiff filed a summons and complaint against ShopKo Stores Operating Co. LLC ("ShopKo") alleging that it maintained the ATM in question. (Comp. ¶ 21). On April 2, 2007, plaintiff filed an amended complaint changing the

named defendant to Rockford Tech-Systems, Inc. ("RTS"), and claiming that Rockford maintained the ATM. (Am. Compl. ¶ 23). RTS was served on June 7, 2007. (DPFF ¶ 6). During this time, RTS and Meirtran shared the same counsel, Meirtran's president was also a "principal" of RTS, and RTS's president was also the secretary of Meirtran. (Pl.'s Additional Proposed Findings of Fact ("PAPFF") ¶¶ 1-3). Meirtran has filed several copies of email correspondence from its counsel addressed to plaintiff's counsel. (DPFF ¶ 7 and Ex. D, E, F). In the first email, dated July 5, 2007, Meirtran's counsel advised plaintiff's counsel that Meirtran, not RTS, owned the ATM in question. In another email, dated July 17, 2007, Meirtran's counsel requested plaintiff's counsel substitute Meirtran for RTS as defendant. (DPFF Ex. E).

After filing an answer, RTS moved for summary judgment. Upon stipulation of the parties, the summary judgment motion was dismissed and the court granted plaintiff leave to amend the pleadings, ordering that RTS be removed as a party and substituted by Meirtran. (Order Dec. 13, 2007, Docket # 23). The stipulation also waived service of summons on Meirtran. (Order Dec. 13, 2007, Docket #23 ¶ 5). On December 13, 2007, plaintiff filed a second amended complaint naming Meirtran as the defendant. On January, 21, 2008, Meirtran filed the motion now before the court claiming that plaintiff's claim against it is barred by the statute of limitations.

**ANALYSIS**

The court will consider Meirtran's motion as one for summary judgment pursuant to Rule 56, rather than a motion for dismissal pursuant to Rule 12(b)(6). A Rule 12(b)(6) motion requires the defendant to show that the plaintiff has failed to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). The statute of

limitations is an affirmative defense rather than a necessary element of plaintiff's claim for relief. *See* Fed.R.Civ.P. 8(c); *see U.S. v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (holding that a Rule 12(b)(6) motion for failure to state a claim not barred by the statute of limitations was "irregular"). Therefore, a plaintiff can state a claim upon which relief can be granted regardless of possible affirmative defenses available. *See id.*

Summary judgment is appropriate where the moving party establishes that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those facts that "might affect the outcome of the suit," and a dispute about a material fact is "genuine" if a reasonable finder of fact could find in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate where a party has failed to make "a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 256-57. A party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial and may not rely on allegations or denials of the adverse party's pleading. Fed.R.Civ.P. 56(e). In conducting its review, the court views all facts and draws all reasonable inferences in favor of the nonmoving party. *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006).

Meirtran moves to dismiss plaintiff's second amended complaint claiming that plaintiff's claim is time-barred because it was filed over seven months after the statute of limitations had run. Meirtran asserts that plaintiff had to file her claim against

-3-

Meirtran by April 27, 2007, one year from the date of the alleged violation. Plaintiff did not filed her second amended complaint until December 13, 2007. The parties do not dispute that plaintiff's original and amended complaints were both timely filed. However, Meirtran argues that plaintiff's second amended complaint should not relate back to plaintiff's prior complaints because plaintiff was not "mistaken" as to who the proper defendant was in the case. Plaintiff responds that her second amended complaint should relate back to her amended complaint against RTS, thereby making her claim against Meirtran timely.

After the statute of limitations on a claim has run, the Federal Rules of Civil Procedure allow a party to amend his or her pleadings to change a party to the claim if the following conditions are met:

> [T]he amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading . . . and . . . within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (I) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1)(B-C).

The first condition is met in this case. Plaintiff's second amended complaint asserts the same claim under the EFTA as plaintiff attempted to set out in her original and first amended complaints.

The second condition requires that Meirtran received notice of plaintiff's action within 120 days of the original pleading such that Meirtran would not be prejudiced in

its ability to defend on the merits. *See* Fed.R.Civ.P. 15(c)(1)(C); Fed.R.Civ.P. 4(m) (requiring defendants be served within 120 days after complaint is filed). Notice need not be formal, and may be imputed where the new defendant and original defendant have sufficient "identity of interest." *Norton v. Int'l Harvester Co.*, 627 F.2d 18, 20-21 (7th Cir. 1980); *see Mitchell v. CFC Financial LLC*, 230 F.R.D. 548, 550 (E.D.Wis. 2005). Identity of interest exists where parties are so closely related in their activities that bringing suit against one provides notice to the other. *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1499 (2008). Examples include where the two parties have "substantially identical officers, directors or shareholders, or share legal counsel and counsel is likely to have communicated to the new defendant that it may be joined in the action." *Mitchell*, 230 F.R.D. at 550 (citations omitted). Here, RTS was served on June 4, 2007, within 120 days after plaintiff filed her original complaint against ShopKo on February 20, 2007. (DPFF ¶ 6). At that time, RTS's president was also the secretary of Meirtran, Meirtran's president was a principal of RTS, and RTS and Meirtran shared the same counsel. In fact, it was these entities' shared counsel that notified plaintiff's counsel via email regarding Meirtran's ownership of the ATM. The court finds that Meirtran had sufficient notice of the issues in plaintiff's complaint within the statutory period such that it will not be prejudiced in defending itself on the merits.

  The final inquiry is whether Meirtran knew or should have known that, but for plaintiff's mistake, Meirtran would have been originally named as a defendant. The court will allow an amended complaint to relate back to the original where an error has occurred regarding the identity of the proper party and where that proper party "is

-5-

chargeable with knowledge of the mistake." *King v. One Unknown Fed. Corr. Officer* 201 F.3d 910, 914 (7th Cir. 2000) (citations omitted). A plaintiff seeking to substitute a defendant will not get the benefit of the relation back rule where that plaintiff merely lacked knowledge of the identity of the proper defendant. *See id.* at 914-15 (finding plaintiff not mistaken as to the proper defendant where suit initially brought against "unknown" defendants); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) (finding plaintiff not mistaken where suit initially brought against "unknown police officers"); *Eison v. McCoy*, 146 F.3d 468, 469-72 (7th Cir. 1998) (finding plaintiff not mistaken where suit initially brought against officers "whose proper names are presently unknown"). Nor will a plaintiff's amended complaint relate back where the plaintiff was made aware of his or her mistake within the limitations period and failed to amend for strategic reasons. *See G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1503 (9th Cir. 1994). Rather, relation back is reserved for those who mistakenly sued the wrong party initially. *See id.* at 1503-04 (finding plaintiff mistaken where original complaint named agent of proper party and agent answered complaint "ambiguously").

Here, plaintiff appears to have been mistaken as to the name of the entity legally responsible for the ATM in question. There is no question that shared counsel of RTS and Meirtran was aware of plaintiff's mistake, and attempted to notify plaintiff of it multiple times. (DPFF ¶ 7). However, these emails came in July of 2007, after the statutory period had already run. No evidence suggests that plaintiff was aware that Meirtran was the proper party and chose not to include Meirtran for strategic reasons before the limitations period ran. Moreover, RTS answered plaintiff's first amended complaint somewhat ambiguously by admitting that it maintained the ATM in question.

-6-

Case 2:07-cv-00160-JPS   Filed 09/15/08   Page 6 of 7   Document 35

(RTS's Answer ¶ 23 Docket # 12). Therefore, the court finds that plaintiff's second amended complaint meets the requirements of Rule 15(c) of the Federal Rules of Civil Procedure and relates back to plaintiff's original complaint. Hence, plaintiff's claim against Meirtran is not time-barred.

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss or, in the alternative, for summary judgment (Docket #27) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of September, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge